UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

    Plaintiff,

v.                 Case No. 23-cv-1679-pp

ALLISON BRIGGS,

    Defendant.

**ORDER DIRECTING PLAINTIFF TO IDENTIFY A SUCCESSOR FOR HIS CLAIMS OR FACE DISMISSAL OF THIS LAWSUIT**

  On March 12, 2024, the court screened plaintiff Daryise L. Earl's *pro se* complaint under 42 U.S.C. §1983 and allowed him to proceed on First and Eighth Amendment claims against Kettle Moraine Correctional Officer A. Briggs. Dkt. No. 8. Counsel for Officer Briggs filed a notice of appearance and accepted service of the complaint on April 1, 2024, providing the defendant's full name of Allison Briggs. Dkt. Nos. 9, 10. On May 8, 2024, defense counsel filed an answer to the complaint. Dkt. No. 12. Counsel also filed a document titled "Suggestion of Death of Defendant Allison Briggs," in which counsel says that defendant Briggs died on April 8, 2024. Dkt. No. 11.

  Federal Rule of Civil Procedure 25(a) gives a court authority to substitute a proper party where a claim survives the death of a defendant. See Walsh v. City of Chicago, 712 F. Supp. 1303, 1306 (N.D. Ill. 1989) (substitution of deceased defendant with decedent's representative may be appropriate in §1983 action). The Wisconsin Supreme Court has confirmed that under

1

Case 2:23-cv-01679-PP Filed 05/13/24 Page 1 of 3 Document 13

Wisconsin's survival statute, personal injury actions survive death. Bartholomew v. Wis. Patients Comp. Fund & Compcare Health Servs. Ins. Corp., 717 N.W.2d 216, 227 n.36 (Wis. 2006) (citing Wis. Stat. §895.01)). Actions brought under §1983 "are best characterized as personal injury actions." Owens v. Okure, 488 U.S. 235, 240 (1989) (internal quotations and citations omitted).

Defense counsel says Briggs passed away on April 8, 2024, several months after the plaintiff filed his complaint. An online obituary confirms Briggs' date of death. That is important because defendants who pass away *before* a lawsuit begins were never defendants and cannot be substituted. See Macklin v. Serrano, Case No. 19-CV-583, 2020 WL 6323079, at *2 (E.D. Wis. Oct. 28, 2020) (citing Schlumpberger v. Osborne, Case No. 16-cv-78, 2019 WL 927322, at *3 (D. Minn. Feb. 26, 2019); and Laney v. S.C. Dept. of Corrections, Case No. 11-cv-3487, 2012 WL 4069680 (D.S.C. May 8, 2012)). Because Briggs died *after* the plaintiff brought his complaint, he may substitute another person against whom his claims may proceed.

"[T]he proper party for substitution is the person who has the legal right and authority to defend against the claims brought against the deceased party." Bertam Music Co. v. P & C Enter., Inc., Case No. 09-CV-2253, 2011 WL 2633666, at *6 (C.D. Ill. July 5, 2011) (citations omitted). Under Rule 25(a), "the proper party usually will be the representative of the decedent's estate who has been appointed under state law." Id. Rule 25(a)(1) "also uses the word 'successor,' which indicates that a person may be substituted as a party even

2

though the person has not been formally appointed as a representative or administrator." Id. (citing 6 James Moore, et al., Moore's Federal Practice §25.12[3]); see Hicks v. Young, Case No. 10-C-3874, 2012 WL 1755735 at *1–2 (N.D. Ill. May 15, 2021).

Rule 25(a)(1) requires that the party seeking to proceed against the person who died file a motion to substitute the deceased party "within 90 days after service of a statement noting the death, [or] the action . . . against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). It is the plaintiff's responsibility to determine the identity of the person or persons with the authority to defend his claims against Briggs. The plaintiff must file the motion to substitute within ninety days of the suggestion of death—**by August 6, 2024**. If he does not designate a successor for his claims by that deadline, the court will dismiss the case because Briggs is the only defendant, and she is deceased.

The court **ORDERS** that **by August 6, 2024**, the plaintiff must file a motion to substitute the proper party for Allison Briggs. If the plaintiff does not file the motion identifying a successor for his claims by that date, the court will dismiss this case.

Dated in Milwaukee, Wisconsin this 13th day of May, 2024.

                                    **BY THE COURT:**

                                    **HON. PAMELA PEPPER**
                                    **Chief United States District Judge**