UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

        Plaintiff,

v.                                                          Case No. 23-cv-1679-pp

ALLISON BRIGGS,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE DECEASED PARTY AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 27)**

On December 26, 2024, the court extended plaintiff Daryise L. Earl's deadline to substitute the proper party in place of the decedent defendant. Dkt. No. 26. Counsel for the decedent told the court that the state court overseeing the estate had "appointed Attorney David A. Van de Water as the representative for the decedent's estate," and counsel provided Attorney Van de Water's contact information. Id. at 2–3. The court ordered the plaintiff to move to substitute the proper party in place of the decedent defendant by February 21, 2025. Id. at 3.

The same day that the court issued that order, the court received the plaintiff's motion to substitute Attorney Van de Water in place of the decedent and to award the plaintiff $500 as sanctions. Dkt. No. 27. The plaintiff says that defense counsel "disregarded two deadlines" to provide information about the decedent's estate, as the court had ordered him to do. Id. at 1 (citing Dkt. No. 17). The plaintiff says that counsel then missed a third deadline—the November 18, 2024 deadline to file a status update with the court—and belatedly provided

information to the court and to the plaintiff about the estate. Id. at 1–2 (citing Dkt. Nos. 23, 25). The plaintiff seeks sanctions "as a result of [counsel's] blatant failure to timely respond to the deadline that was issued for November 18, 2024," and as an "award" to the plaintiff "for his time and efforts in complying with these proceedings." Id. at 2.

Defense counsel does not oppose substituting Attorney Van de Water as the representative of the decedent's estate, but he does oppose the plaintiff's request for sanctions. Dkt. No. 29. Counsel observes that it was the plaintiff's responsibility to identify a proper substitute for the decedent, and counsel says that he "timely complied with the Court's order." Id. at 1 (citing Dkt. Nos. 14–19). Counsel states that he provided "publicly available information" and "continued to provide periodic updates to Plaintiff and the Court." Id. at 1–2. Counsel acknowledges missing the November 18, 2024 deadline, says his delay was attributable to "a calendar oversight" and recounts that he "apologized to the Plaintiff and the Court." Id. at 2. Counsel asserts that the plaintiff "provides no basis for his alleged entitlement to sanctions," maintaining that counsel's delay did not prejudice the plaintiff. Id. Counsel says his most recent delay "was not intentional or done in bad faith," and that the plaintiff "received the information regarding Defendant's estate *faster* than if Counsel for Defendant had provided a status update on November 18, 2024" because the state court did not establish Attorney Van de Water as the decedent's representative until November 20, 2024. Id.

The plaintiff replies by reiterating that defense counsel missed two earlier court deadlines, and says that previous defense counsel had told the plaintiff "that their office had no intentions [sic] of disclosing the identity of the representative of the Defendant's estate." Dkt. No. 30 at 2 (citing Dkt. No. 4). The plaintiff objects to defense counsel's position that the plaintiff was not prejudiced and asserts that the court should "take into consideration the time and effort [the plaintiff] has dedicated to obtaining the Defendant's counsel full compliance in the process of identifying the Defendant's estate." Id. The plaintiff contends that the court must impose sanctions "to penalize the Defendant's counsel for failing to comply with the latest Court issued deadline" and to award the plaintiff's "assiduous pursuit to adhere to the Court's instructions to identify the representative of the Defendant's estate." Id. at 3.

The plaintiff does not cite any authority for his request for sanctions. The court has "inherent authority to sanction litigants for abuse of process." Waivio v. Bd. of Trustees of Univ. of Illinois at Chi., 290 F. App'x 935, 937 (7th Cir. 2008). Sanctions under the court's inherent powers may be "justified by bad-faith conduct" and "must be proportionate to the circumstances." Donelson v. Hardy, 931 F.3d 565, 569 (7th Cir. 2019); see Waivio, 290 F. App'x at 937 (citing Allen v. Chi. Transit Auth., 317 F.3d 696, 703 (7th Cir. 2003)). In determining an appropriate sanction, the court must consider "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." Donelson, 931 F.3d at 569 (citing cases).

Sanctions are not warranted here. The plaintiff is correct that defense counsel missed court deadlines on three occasions. Counsel missed a June 21, 2024 deadline to respond to the plaintiff's motion to compel. Dkt. No. 15. The court then ordered the defendant to respond to the motion by July 12, 2024, and defense counsel again failed to respond by the deadline. Id.; Dkt. No. 17. But as the court stated in its July 24, 2024 order, defense counsel filed a notice of substitution on July 10, 2024—only two days before the deadline to respond to the plaintiff's motion. Dkt. No. 17 at 2. Although that did not excuse current counsel from meeting the July 12 deadline, it *did* excuse him from missing the June 21 deadline because he was not yet involved with this case at that time. Moreover, the court *granted* the plaintiff's unopposed motion to compel, which the court determined had merit. Id. These delays do not suggest bad faith and the plaintiff suffered no prejudice from them.

That leaves only the missed November 18, 2024 deadline for defense counsel to provide a status update about the decedent's estate. It was counsel's obligation to provide that information in a timely manner, as he had offered to do in response to the court's order directing defense counsel to provide an update. See Dkt. No. 23 ("Counsel notes that no further information is available and offers to provide a further status report in thirty days."). The court explained in its December 26, 2024 order that counsel had acknowledged the delay and missed deadline in his December 2 response, and he provided the information about the estate's representative as the court ordered him to. Dkt. No. 26 at 2–3. Defense counsel says that this delay was due to a calendar oversight, and he

explains that the representative was not substituted until November 20. That means that if counsel had filed his update by the November 18 deadline, there would have been no new information for him to provide to the plaintiff. Counsel would have had to submit another status update sometime after November 20, identifying Attorney Van de Water as the estate's representative. And counsel met his obligation to provide a timely status update in response to two other orders the court issued since he took over as counsel for the defendant. Dkt. Nos. 19, 22. That means counsel has not shown a pattern of missing court deadlines, and there is no suggestion that his belated December 2 response was intentional or in bad faith. Counsel's oversight or error causing him to miss the November 18 deadline does not warrant sanctions or a monetary award for the plaintiff. Even if it did, the plaintiff does not explain why $500 is a reasonable sum to award him for this minor delay or for fulfilling his obligation to diligently pursue his lawsuit.

The court will grant the plaintiff's unopposed motion to substitute Attorney David A. Van de Water as the representative for the decedent's estate but will deny his request for sanctions. The court will order the U.S. Marshals Service to serve Attorney Van de Water at the address defense counsel provided in his December 2, 2024 response to the court's order. Dkt. No. 25. The court will order Attorney Van de Water to file a responsive pleading to the plaintiff's complaint. Once Attorney Van de Water has filed a responsive pleading, the court will issue a scheduling order setting deadlines for the parties to conduct discovery and file dispositive motions.

The court **GRANTS** the plaintiff's motion to substitute Attorney David A. Van de Water as the representative for the decedent's estate and **DENIES** the plaintiff's request for sanctions. Dkt. No. 27.

The court **ORDERS** the clerk's office to add Attorney David A. Van de Water to the docket as the representative for defendant Allison Briggs's estate.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint (Dkt. No. 1), the screening order (Dkt. No. 8) and this order on David A. Van de Water in Sheboygan, Wisconsin, under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** David A. Van de Water to file a responsive pleading to the complaint.

Dated in Milwaukee, Wisconsin this 12th day of March, 2025.

                                          **BY THE COURT:**

                                          **HON. PAMELA PEPPER**
                                          **Chief United States District Judge**