UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────────────────────

DARYISE L. EARL,

        Plaintiff,

v.                                                    Case No. 23-cv-1679-pp

DAVID A. VAN DE WATER, *Representative*
*for the Estate of Defendant Allison Briggs*,

        Defendant.

─────────────────────────────────────────────────────────────

**ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER
AUTHORIZING DEPARTMENT OF CORRECTIONS TO PAY FILING FEE
FROM RELEASE ACCOUNT (DKT. NO. 31)**

─────────────────────────────────────────────────────────────

        Plaintiff Daryise Earl asks the court to issue an order granting officials at Kettle Moraine Correctional Institution (where he is incarcerated) authorization "to allocate the funds in his prison release account to satisfy the debt owed" in this case and the plaintiff's other open case, 23-cv-1017-wed. Dkt. No. 31 at 1. The plaintiff says he has several outstanding State and Federal fees that are deducted from funds deposited into his institutional trust account. Id. He asks the court to issue an order permitting Kettle Moraine officials "authorization to forward the Court a check that satisfies the debt" he owes in his two open cases in this district. Id. at 2.

        The term "prisoner's account" used in 28 U.S.C. §1915 "encompasses both [an incarcerated person's] release account and his general account." Spence v. McCaughtry, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). The release account "is a restricted account maintained by the Wisconsin Department of Corrections to

1

be used upon the prisoner's release from custody upon completion of his sentence." Wilson v. Anderson, No. 14-cv-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code §DOC 309.466). Courts in this district have permitted prisoners to use their release accounts to pay the *initial* partial filing fee. E.g. Doty v. Doyle, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002); Spence, 46 F. Supp. 2d at 862–63. But absent unusual circumstances, this court has no authority to order (or allow) a prisoner–plaintiff to "tap into his release account to pay current (or future) litigation costs." McCalla v. Thompson, No. 18-cv-1895-jps, 2019 WL 3220551, at *2 (E.D. Wis. July 17, 2019) (citing Wilson, 2014 WL 3671878, at *3); see also Collins v. State of Wis., No. 20-cv-521-pp, 2020 WL 6361860, at *2 (E.D. Wis. Oct. 29, 2020) ("Although courts often will allow plaintiffs to pay the *initial partial filing fee* with funds from their release account, they generally do not allow plaintiffs to deplete their release accounts by paying the full filing fee from that account.").

There is no statutory authorization for the plaintiff to pay the full filing fee from his release account. As the name suggests, the purpose of that account is to provide funds for his release. That intended purpose is sufficient reason not to permit the plaintiff to use the release account to pay the full filing fee. See Collins, 2020 WL 6361860, at *2 (citing Smith v. Huibregtse, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001)). The plaintiff also provides no unusual circumstances to justify the court allowing him to use the funds in his release account to cover the remainder of his filing fee. Nor does he explain why he needs to pay his filing fee immediately or with the money in his release account.

The court will deny the plaintiff's request to pay the balance of his filing fee from his release account. He must continue to make payments towards that balance with the money in his regular account, as the court explained in the initial screening order. Dkt. No. 8 at 10–11. The court notes that the plaintiff filed an identical motion in his other open case, which is pending before Magistrate Judge Duffin. <u>See</u> Case No. 23-cv-1017-wed, Dkt. No. 36. This decision denies his motion in this case only. He must await a decision from Judge Duffin on his motion in his other case.

The court **DENIES** the plaintiff's motion to authorize prison officials to pay the balance of his filing fee from his release account. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 14th day of March, 2025.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**