UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

        Plaintiff,

    v.                                       Case No. 23-cv-1679-pp

DAVID A. VAN DE WATER, *Representative
for the Estate of Defendant Allison Briggs,*

        Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT (DKT. NO. 40) AND DIRECTING U.S. MARSHALS
SERVICE TO PERSONALLY SERVE DEFENDANT VAN DE WATER**

---

On March 12, 2025, the court granted plaintiff Daryise Earl's motion to
substitute Attorney David A. Van de Water as the representative for the deceased
defendant's estate. Dkt. No. 32. The court ordered the U.S. Marshals Service to
serve the complaint, screening order and substitution order on Van de Water in
Sheboygan, Wisconsin, under Federal Rule of Civil Procedure 4. Id. at 6. The
court ordered Van de Water to file a responsive pleading to the complaint after
the Marshals had served him with the papers. Id.

On March 13, 2025, the court transmitted the complaint, screening order,
substitution order, notice and waiver of service to the U.S. Marshals for service
on Van de Water. Dkt. No. 33. The listed address for Van de Water is 802
Michigan Ave., Sheboygan, WI 53081; this is the business address for the law
firm where Van de Water works. See https://www.gfvattorneys.com/. On June
3, 2025, the waiver of service was returned as unexecuted. Dkt. No. 36. The
"remarks" section of the process receipt shows that the Marshals Service mailed

the documents to Van de Water on March 13, 2025, and they were returned as unexecuted on April 30, 2025. Id.

Later on June 3, 2025, the court transmitted the complaint, screening order and substitution order with a summons to the U.S. Marshals for service on Van de Water at the same address in Sheboygan. Dkt. No. 37. The docket entry specifies that the Marshals Service was to personally serve Van de Water with those documents. Id. On September 3, 2025, the summons was returned to the court as executed. Dkt. No. 39. But the process receipt states that the Marshals Service did not personally serve Van de Water at the address in Sheboygan; it says that at 4:56 p.m. on June 17, 2025, the Marshals *emailed* the summons and the complaint to gfvattorneys@charter.net. Id. The process receipt states that the Marshals "received confirmation email," but it does not say when or from whom they received the confirmation email. Id.

On September 18, 2025, the court received the plaintiff's motion for default judgment against Van de Water under Federal Rule of Civil Procedure 55. Dkt. No. 40. The plaintiff recounts the procedural history of this case, as the court has above. Id. at 1. He then states that on September 5, 2025, staff at Kettle Moraine Correctional Institution, where he is incarcerated, ordered the plaintiff to the mailroom where his legal mail was to be photocopied and the copies provided to him. Id. at 1–2. The plaintiff says that he received the U.S. Marshals process receipt form from September 3, 2025, which he says "described the process in which the Marshals served Van de Water with a copy of [the plaintiff's] complaint on June 17, 2025. Id. at 2 (citing Dkt. No. 39). The plaintiff says that Van de Water failed to answer the complaint within twenty-one days of receiving the complaint, as he was obligated to do under the Federal Rules. Id. (citing Fed. R. Civ. P. 12(a)(1)(A)(i)). The plaintiff asks the

court to order the Clerk of Court to enter Van de Water's default and to enter "an order of default judgment . . . against Van de Water." Id. The plaintiff included with his motion a certificate of service stating that he had mailed copies of his motion to the court and to Van de Water, although he does not provide the address where he sent the copy addressed to Van de Water. Id. at 3. He also filed a supporting affidavit, in which he states that he seeks default judgment against Van de Water "for the amount of $125,000." Dkt. No. 41 at 2.

Under Federal Rule of Civil Procedure 4, service is completed on an individual by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)–(C). Rule 4(e) also allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). State law in Wisconsin—the state where the district court is located and where service was attempted—similarly provides that a plaintiff may serve an individual defendant by personally serving him or her with the summons, leaving a copy of the summons at the defendant's usual place of abode with an appropriate recipient or publishing the summons and mailing it to the defendant. Wis. Stat. §801.11(1)(a)–(c).

The June 3 and September 3, 2025, process receipts show that the U.S. Marshals Service did not comply with the methods listed in Rule 4 for service on Van de Water. The Marshals first attempted to serve Van de Water by mailing the papers (minus the summons) to him at his business address in

Sheboygan. When that was unsuccessful, the Marshals emailed the documents to Van de Water at gfvattorneys@charter.net, which appears to be a general email for the law firm where Van de Water works and not a personal or business email address for Van de Water himself. The court does not know where the Marshals obtained this email address, which the court has not been able to find on the website for Van de Water's law firm. Regardless, mailing the complaint and summons to a person's business address is not the same as leaving a copy of those documents "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B); see Hobbs v. Sheskey, Case No. 22-cv-680-pp, 2024 WL 1138276, at *19 (E.D. Wis. Mar. 15, 2024) (service was not proper under Rule 4(e)(2)(B) where process server left summons and complaint at individual's "business address" rather than her "dwelling or usual place of abode"). And "[n]either the Federal Rules nor Wisconsin law governing service of process allows service by email." Kolcu v. Verizon Commc'ns Inc., Case No. 23-CV-849, 2023 WL 6623706, at *2 (E.D. Wis. Oct. 11, 2023), reconsideration denied, 2023 WL 7219881 (E.D. Wis. Nov. 2, 2023). Van de Water has not previously communicated with the court or the plaintiff from gfvattorneys@charter.net (or any email address), so there is no reason to believe that he would receive documents sent to that general email address.

Based on the information that the U.S. Marshals Service provided to the court, the court finds that the Marshals' attempts to serve Van de Water were not proper and did not comply with Fed. R. Civ. P. 4. There is no information suggesting that Van de Water has personally received the complaint and summons or that he is aware of this pending lawsuit. Because Van de Water has not been properly served, he cannot be subject to default judgment. The

court will deny the plaintiff's motion for default judgment and will not direct the clerk to enter Van de Water's default.

There remains the matter of service on Van de Water. As the court has explained above, the court previously directed the U.S. Marshals to personally serve Van de Water with the complaint and summons. Personal service is not completed under Rule 4 by mailing the complaint and summons to the persons' business address or by emailing the documents to him. The court will order the Marshals to serve Van de Water by "delivering a copy of the summons and of the complaint" along with a copy of the screening order and the substitution order to him personally at his business address in Sheboygan. Fed. R. Civ. P. 4(e)(2)(A). The Marshals may not mail or email those documents to Van de Water, nor may they leave them at his business address in Sheboygan, which is not the same as his "dwelling or usual place of abode" under Rule 4(e)(2)(B). Hobbs, 2024 WL 1138276, at *19. The court will order the clerk to update the docket with Van de Water's business address in Sheboygan. The court advises the plaintiff that he may not move for default judgment unless Van de Water fails to respond to the complaint within the appropriate time after being *properly served* with the complaint and summons.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgment. Dkt. No. 40.

The court **ORDERS** that the U.S. Marshals Service must ***personally serve*** the summons and a copy of the complaint (Dkt. No. 1), the screening order (Dkt. No. 8), the March 12, 2025 substitution order (Dkt. No. 32) and this order on defendant David A. Van de Water by personally delivering those papers to him at 802 Michigan Ave., Sheboygan, WI 53081 under Federal Rule of Civil Procedure 4(e)(2)(A). The plaintiff is advised that Congress requires the U.S.

5

Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that defendant Van de Water must file a responsive pleading to the complaint after the U.S. Marshals Service has personally served him with the above documents.

Dated in Milwaukee, Wisconsin this 1st day of October, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6