UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

                        Plaintiff,

v.                                      Case No. 23-cv-1679-pp

ESTATE OF ALLISON BRIGGS,

                        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 59)**

      The plaintiff has filed a second motion for default judgment in which he asks the court to reconsider its order denying his first motion for default judgment. Dkt. No. 59. The plaintiff states that he has newly discovered evidence to show that the representative of the deceased defendant's estate, Attorney David A. Van de Water, disregarded the court's order to file a responsive pleading to the complaint upon receipt of it. Id. at 1. The court will deny the plaintiff's motion because the plaintiff's new evidence does not change the facts that Van de Water was not properly served with the complaint until October 15, 2025, dkt. no. 44, and that his November 5, 2025 answer was timely. dkt. no. 48.

      In support of his motion, the plaintiff states that discovery responses he received show that Attorney Van de Water "willfully neglected his obligation to timely file a response" to the complaint because Van de Water "ha[d] been identified as being the only person who received / answered the messages that

1

were sent to the gfvattorneys@charter.net email address between March of 2025 thru September of 2025." Dkt No. 59 at 2-3. According to the plaintiff, the discovery responses also said that Van de Water "received the U.S. Marshals' email on 'June 17, 2025 at 9:30 a.m.'" at which time he "became aware of his obligation to file a response to [the plaintiff's] complaint." Id. at 3.

The court denied the plaintiff's first motion for default judgment—not because Attorney Van de Water did not receive the email the U.S. Marshals Service sent him, but because the Marshals Service had not properly served Van de Water under Federal Rule of Civil Procedure 4.

> The June 3 and September 3, 2025, process receipts show that the U.S. Marshals Service did not comply with the methods listed in Rule 4 for service on Van de Water. The Marshals first attempted to serve Van de Water by mailing the papers (minus the summons) to him at his business address in Sheboygan. When that was unsuccessful, the Marshals emailed the documents to Van de Water at gfvattorneys@charter.net, which appears to be a general email for the law firm where Van de Water works and not a personal or business email address for Van de Water himself. The court does not know where the Marshals obtained this email address, which the court has not been able to find on the website for Van de Water's law firm. Regardless, mailing the complaint and summons to a person's business address is not the same as leaving a copy of those documents "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B); see Hobbs v. Sheskey, Case No. 22-cv-680-pp, 2024 WL 1138276, at *19 (E.D. Wis. Mar. 15, 2024) (service was not proper under Rule 4(e)(2)(B) where process server left summons and complaint at individual's "business address" rather than her "dwelling or usual place of abode"). And "[n]either the Federal Rules nor Wisconsin law governing service of process allows service by email." Kolcu v. Verizon Commc'ns Inc., Case No. 23-CV-849, 2023 WL 6623706, at *2 (E.D. Wis. Oct. 11, 2023), reconsideration denied, 2023 WL 7219881 (E.D. Wis. Nov. 2, 2023). Van de Water has not previously communicated with the court or the plaintiff from gfvattorneys@charter.net (or any email address), so there is no reason to believe that he would receive documents sent to that general email address.

2

> Based on the information that the U.S. Marshals Service provided to the court, the court finds that the Marshals' attempts to serve Van de Water were not proper and did not comply with Fed. R. Civ. P. 4. There is no information suggesting that Van de Water has personally received the complaint and summons or that he is aware of this pending lawsuit. Because Van de Water has not been properly served, he cannot be subject to default judgment. The court will deny the plaintiff's motion for default judgment and will not direct the clerk to enter Van de Water's default.

Dkt. No. 42 at 3-5. After determining that the Marshals had not properly served Van de Water, the court directed the Marshals Service to personally serve him by "delivering a copy of the summons and of the complaint" to him personally at his business address in Sheboygan. Id. at 5.

The plaintiff contends that Attorney Van de Water is in default because his discovery responses show that he received the email from the Marshals Service on June 17, 2025, at which time he became aware of his obligation to respond. But the fact remains that the email the Marshals Service sent to Van de Water did not constitute proper service under Rule 4 or Wisconsin state law. The plaintiff cites Williams v. Young, Case No. 25-cv-252, 2025 WL 2576354 (W.D. Wis. Aug. 29, 2025) in support of his position, but that case is distinguishable and is not binding precedent on this court. In Williams, the court determined that service by email was sufficient "given [the defendant's] communications with the court, her communications with the Marshals about completing and returning her waiver of service form, and her multiple submission of waivers via email[.]" Id. at *2.

3

Because the plaintiff is proceeding without prepaying the filing fee (*in forma pauperis*), the Marshals Service is required to serve the defendants on his behalf. See Fed. R. Civ. P. 4(c)(3). The Marshals Service's failure to properly complete service does not mean that Attorney Van de Water is in default. He now has been served in compliance with the Federal Rules of Civil Procedure, and he has answered the complaint. He is not in default. The court will deny the plaintiff's second motion for default judgment.

**The court reminds the plaintiff that his response to the defendants' motion for summary judgment on exhaustion grounds is due by the end of the day on March 2, 2026.**

The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 59.

Dated in Milwaukee, Wisconsin this 27th day of February, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**